68 F.3d 455
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Angel VELAZQUEZ, Defendant, Appellant.
 No. 95-1482.
 United States Court of Appeals, First Circuit.
 Oct. 16, 1995.
 
 Graham A. Castillo Pagan on brief for appellant.
 Guillermo Gil, United States Attorney, Edwin O. Vazquez, Assistant United States Attorney, and Jose A. Quiles-Espinosa on brief for appellee.
 Before TORRUELLA, Chief Judge, WATSON,* Senior Judge, and LYNCH, Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant pled guilty to violation of 31 U.S.C. Secs. 5316 and 5322, failing to report the transportation of more than $10,000 in United States currency from the United States. At the sentencing hearing, the district court reviewed the plea agreement with appellant, and appellant indicated that he understood the terms of the agreement as well as the maximum penalties for the offense. He now argues that the $500.00 fine imposed by the district court was excessive and violates the "Excessive Fines Clause" of the Eighth Amendment.
 
 I.
 
 2
 The agreed-to facts, as reflected in the "Plea and Forfeiture Agreement," indicate that appellant, about to board an airplane from Puerto Rico to Santo Domingo, Dominican Republic, was selected for interview by U.S. Customs agents. Appellant was asked whether he was transporting over $10,000.00 in U.S. currency. He answered that he was transporting only $1,200.00. A search of his bags revealed $25,258.00.
 
 
 3
 Appellant agreed to plead guilty[1] and indicated on the plea agreement his understanding of the penalties he faced--a term of imprisonment of not more than five years, a fine of up to $250,000.00, and a three-year term of supervised release. He agreed, too, to forfeit to the Government 2 percent of the $25,258.00 he was found transporting ($6,315.00) and to pay a special monetary assessment of $50.00. Finally, he indicated that he understood that the court was not bound by the plea agreement.
 
 
 4
 At the sentencing hearing, the district court reviewed the plea agreement with appellant. After satisfactory response, the court sentenced appellant to a three-year term of probation, and ordered a fine of $500.00, a $50.00 special monetary assessment, and the above-described forfeiture.[2] Appellant paid the fine and the special assessment within a week of the sentencing hearing.
 
 II.
 
 5
 Appellant claims that the fine imposed in his case violates the "Excessive Fines Clause" of the Eighth Amendment. He does not argue that the court was without statutory power to impose the fine, that he is unable to pay the fine, or that there are any double jeopardy or due process implications. His legal challenge to the fine boils down to this: since he is already forfeiting a substantial amount of money to expiate his wrongdoing, the addition of another $500.00 is excessive.
 
 
 6
 A party bringing an Eighth Amendment excessive fine claim must show, after a "threshold comparison" between the gravity of criminal conduct and the severity of the penalty, an "initial inference of gross disproportionality." United States v. Bucuvalas, 970 F.2d 937, 946 (1st Cir.1992), cert. denied, 113 S.Ct. 1382 (1993). We can perceive no disproportionality or unfairness here. Cf. United States v. Pilgrim Market Corp., 944 F.2d 14, 22 (1st Cir.1991). Appellant has no quarrel with the forfeiture of 25% of the unreported funds, but only with the imposition of the $500.00 fine. That additional[3] sum, considered even in conjunction with the forfeited amount, was well below the statutory and guideline maximums and did not transgress the Excessive Fines Clause.
 
 
 7
 The judgment is affirmed.Loc. R. 27.1.
 
 
 
 *
 Senior Judge, U.S. Court of International Trade, sitting by designation
 
 
 [1]
 As part of the plea agreement, the Government agreed to request the dismissal of Count Two of the Indictment, which charged appellant with knowingly making a false statement in violation of 18 U.S.C. Sec. 1001
 
 
 [2]
 Under the relevant sentencing guidelines, appellant had an offense level of 8. At this level, the court could have imposed a term of 0 to 6 months' imprisonment and a fine of $1,000.00 to $10,000.00. U.S.S.G. Ch. 5 Pt.A; Sec. 5E1.2(c)(3)
 
 
 [3]
 There was never any promise or understanding that the appellant's total exposure was 25 percent of the amount at issue, or $6,315.00, compare United States v. Maling, 942 F.2d 808, 811 (1st Cir.1991); rather, it was made clear in the plea agreement and at the sentencing hearing that the maximum fine to which appellant was exposed--$250,000.00--was entirely separate from the amount to be forfeited